**Hand-Delivered**

# UNITED STATES DISTRICT COURT

for the

WESTERN District of NORTH Carolina

___CHARLOTTE_____ Division

FILED
CHARLOTTE, NC

MAR 2 4 2026

US DISTRICT COURT
WESTERN DISTRICT OF NC

EBONY SHERISSE LUCAS

)
)
)
)

_____

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

-v-

THE SALVATION ARMY, A GEORGIA
CORPORATION

_____

*Defendant(s)*
*(Write the full name of each defendant who is being sued.  If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names.)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.  **3:26-cv-238-MOC**

*(to be filled in by the Clerk's Office)*

Jury Trial:  *(check one)*  ☒ Yes  ☐ No

## COMPLAINT FOR A CIVIL CASE

I.      **The Parties to This Complaint**

A.      **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Ebony Sherisse Lucas |
| Street Address | 9301 WESTBURYWOODS DRIVE APT A |
| City and County | CHARLOTTE |
| State and Zip Code | NC 28277 |
| Telephone Number | (704) 790-9027 |
| E-mail Address | BLUZIVA@GMAIL.COM |

B.      **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

Page 1 of 5

Defendant No. 1

    Name | The Salvation Army, a Georgia Corporation

    Job or Title *(if known)* | CT Corporation System

    Street Address | 160 Mine Lake Ct Ste 200, Raleigh, NC 27615

    City and County | Raleigh, WAKE

    State and Zip Code | NC 27615

    Telephone Number | 1800 725-2769

    E-mail Address *(if known)* | Andrew.Wiley@uss.salvationarmy.org

Defendant No. 2

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 3

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 4

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question          ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Federal Question Jurisdiction – 42 U.S.C. § 3617 (Fair Housing Act Retaliation),
Right of Publicity / Misappropriation of Likeness
(Zacchini v. Scripps-Howard Broadcasting Co., 433 U.S. 562 (1977)),
and 15 U.S.C. § 6501 et seq. (COPPA)."

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

   a. If the plaintiff is an individual

   The plaintiff, *(name)* EBONY SHERISSE LUCAS , is a citizen of the State of *(name)* NORTH CAROLINA .

   b. If the plaintiff is a corporation

   The plaintiff, *(name)* _____ , is incorporated under the laws of the State of *(name)* _____ , and has its principal place of business in the State of *(name)* _____ .

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

   a. If the defendant is an individual

   The defendant, *(name)* _____ , is a citizen of the State of *(name)* _____ . Or is a citizen of *(foreign nation)* _____ .

Case 3:26-cv-00238-MOC-WCM    Document 1    Filed 03/24/26    Page 3 of 11

b.    If the defendant is a corporation

The defendant, *(name)*  The Salvation Army    , is incorporated under

the laws of the State of *(name)*  Georgia    , and has its

principal place of business in the State of *(name)*  Georgia,

Or is incorporated under the laws of *(foreign nation)*     ,

and has its principal place of business in *(name)*     .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

The amount in controversy exceeds $75,000, exclusive of interest and costs, because Plaintiff seeks compensatory damages for financial harm exceeding $9,000 caused by Defendant's delayed rental payments, accrued fees during bankruptcy and HUD subsidy periods, and other program mismanagement. In addition, Plaintiff seeks damages for emotional distress,

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

Housing Program Mismanagement and Advocacy Challenges
Plaintiff Ebony Sherisse Lucas participated in a housing assistance program operated by The Salvation Army, Charlotte Center of Hope, Charlotte, NC.

March 15, 2024: Plaintiff submitted formal advocacy regarding gaps in rental coverage and unclear case management.

## IV.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

The amount in controversy exceeds $75,000, exclusive of interest and costs, because Plaintiff seeks actual damages of $9,000+ for financial harm caused by Defendant's delayed rental payments, accrued fees during HUD subsidy and bankruptcy periods, and other program mismanagement. In addition, Plaintiff seeks compensation for emotional distress, reputational harm, and punitive damages for Defendant's willful and malicious conduct, including coercion, retaliation, and unauthorized use of Plaintiff's and her minor child's likeness.

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 03/17/2026

Signature of Plaintiff *Ebony Sherisse Lucas*

Printed Name of Plaintiff EBONY SHERISSE LUCAS

### B. For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:        03/17/2026

Signature of Plaintiff        *Ebony Sherisse Lucas*

Printed Name of Plaintiff        EBONY SHERISSE LUCAS

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

EBONY SHERISSE LUCAS
Plaintiff

v.

The Salvation Army, a Georgia Corporation

Defendant

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. Jurisdiction and Venue

1. Jurisdiction is proper under 28 U.S.C. § 1331 (Federal Question) because the case involves:

   - 42 U.S.C. § 3617 – Fair Housing Act Retaliation

   - Right of Publicity / Misappropriation of Likeness – Zacchini v. Scripps-Howard Broadcasting Co., 433 U.S. 562 (1977)

   - 15 U.S.C. § 6501 et seq. – COPPA

2. Venue is proper in the Western District of North Carolina, Charlotte Division, because the acts giving rise to this claim occurred in Charlotte, NC, and Defendant operates housing programs there.

### II. Statement of the Claim

1. **Housing Program Mismanagement and Advocacy Challenges**
   Plaintiff participated in a housing assistance program operated by Defendant in Charlotte, NC.

   o **March 15, 2024:** Submitted formal advocacy regarding gaps in rental coverage and unclear case management.

   o **Later March 2024:** Caseworker Tory Love pressured Plaintiff to accept apartments he selected, many unsafe and far from her son's school. Reporting safety concerns resulted in Plaintiff being labeled uncooperative and threatened with loss of assistance.

   o **April 2, 2024:** Plaintiff and her minor child were threatened with removal from the program and coerced to go to the Center of Hope shelter after a hotel voucher expired. They were forced to live in their car for one day, and Plaintiff had to pay for a hotel until resolution.

## Unauthorized Publication and Minor Exploitation

o In 2024, Defendant used Plaintiff's personal story and her minor child's image in the Salvation Army National Donor 2024 Impact Report without Plaintiff's written consent.

o Plaintiff had only agreed to participate in a local-use video testimonial in the summer of 2025, and never agreed to national distribution. Had she been asked, Plaintiff would have imposed explicit restrictions to protect her minor child.

o Plaintiff specifically objects to pages 3, 10, and 11 of the report, which includes her personal story and her minor child's image. These pages were distributed without consent and must be removed.

o Plaintiff first became aware of the publication in 2025, while advocating for housing assistance, through emails demonstrating her lack of prior notice.

o Defendant used Plaintiff's personal story and her minor child's image in nationally distributed donor materials without written consent. Plaintiff first learned of the publication in September 2025, while addressing urgent housing concerns.

## Retaliation
Defendant rescinded opportunities such as speaking engagements and volunteer positions after Plaintiff advocated for herself and her child. This occurred between 2024–2025 in Charlotte, NC.

Financial Harm / Newly Discovered Evidence
Defendant's failures caused Plaintiff to incur additional costs, late fees, and other financial harm exceeding $9,000, including during HUD subsidy and bankruptcy periods.

## III. Legal Claims / Counts

1. Breach of Fiduciary Duty

   - Defendant owed Plaintiff a duty to manage housing assistance, rental payments, and related support in good faith. Defendant's repeated administrative failures, coercion, and mismanagement breached that duty, causing financial and emotional harm.

2. Fraud / Misrepresentation

   - Defendant knowingly misrepresented the scope and reliability of its housing assistance program and the safety of offered housing units. The Plaintiff relied on these representations and suffered financial and emotional harm as a result.

3. NC Unfair and Deceptive Trade Practices Act

   - N.C. Gen. Stat. § 75-1.1

   - Defendant engaged in unfair or deceptive acts, including false assurances, mismanagement, and coercion, in the operation of housing programs affecting Plaintiff.

4.) Violation of Privacy – unauthorized disclosure of Plaintiff's personal story and minor child's image without consent.

5.) Right of Publicity / Misappropriation of Likeness

   - *Zacchini v. Scripps-Howard Broadcasting Co.*, 433 U.S. 562 (1977)

   - Defendant used Plaintiff's and her minor child's likeness in national donor materials without informed consent.

6.) Violation of COPPA (for consideration)

   - 15 U.S.C. § 6501 et seq.

○ Plaintiff requests the Court consider this alongside the Right of Publicity claim to demonstrate the seriousness of the commercial exploitation of her minor child, though COPPA does not provide a private right of action.

4. Fair Housing Act Retaliation

○ 42 U.S.C. § 3617

○ Plaintiff experienced retaliation for complaints regarding program mismanagement, including rescinded volunteer and speaking opportunities.

5. Financial Harm

○ Delayed payments and mismanagement caused accrued fees during bankruptcy and HUD rental subsidy periods, exceeding $9,000.

## IV. Evidence

Plaintiff references key documents summarized in the Exhibit Index, including:

○ Emails and correspondence showing advocacy, mismanagement, and staff coercion.

○ Bank statements and HUD communications documenting financial harm ($9,000+).

○ National impact report and donor materials showing unauthorized publication of Plaintiff and minor child's image.

○ Affidavits confirming lack of consent and limitations.

○ Communications showing retaliation.

## V. Damages and Relief Sought

The amount in controversy exceeds $75,000, exclusive of interest and costs.

1. Actual Damages: $9,000+ for financial harm, including late fees and housing expenses.

2. Emotional and Reputational Damages: Compensation for ongoing emotional distress, anxiety, and reputational harm and privacy-related damages for unauthorized disclosure of personal information

3. Punitive Damages: To punish Defendant for willful, reckless, and malicious conduct; amount to be determined at trial.

4. **Injunctive Relief:** Prohibit Defendant from using Plaintiff's or her minor child's likeness in publications, donor materials, or promotional communications; remove all existing materials.

5. **Continuing Harm:** Unauthorized use and program mismanagement are ongoing.

6. **Other Relief:** Any other relief the Court deems just, including costs and interest.

## VI. Prayer for Relief

Plaintiff respectfully requests the Court:

1. Award compensatory damages for financial, emotional, and reputational harm and privacy harms

2. Award punitive damages to deter future misconduct.

3. Grant preliminary and permanent injunction preventing Defendant from further use or distribution of Plaintiff's or minor child's likeness, and requiring removal of pages 3, 10, and 11.

4. Award costs of court, interest, and any other relief the Court deems just and proper.

Respectfully submitted,

*Ebony Sherisse Lucas*
Plaintiff, Pro Se
9301 Westbury Woods Drive Apt A Charlotte, NC 28222
bluziva@gmail.com
Date: 3 24 / 2026