Hand-Delivered

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

EBONY SHERISSE LUCAS
Plaintiff

v.

The Salvation Army, a Georgia Corporation

3:26-cv-238-MOC

Defendant

# PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

INTRODUCTION / RELIEF REQUESTED

Plaintiff EBONY SHERISSE LUCAS respectfully moves this Court for a preliminary injunction requiring Defendant to immediately:

1. Cease using Plaintiff's or her minor child's likeness in any publications, donor materials, videos, or promotional communications;

2. Remove **pages 3, 10, and 11** of the National Donor Impact Report immediately.

3. Prohibit Defendant from further distribution of such materials until the conclusion of litigation.

This motion is necessary because Defendant's actions have caused, and continue to cause, irreparable emotional, reputational, and commercial harm that cannot be adequately remedied by money damages alone.

## FACTUAL BACKGROUND / PUBLICATION INTEGRATION

## 1. Unauthorized National Publication

- In September 2025, Defendant included Plaintiff's personal story and her minor child's image in the National Donor Impact Report, a publication distributed nationally to donors and partners.

- Plaintiff was never given written consent or prior notice of this distribution. She only learned of it while raising urgent concerns regarding housing assistance.

## 2. Evidence of Awareness & Lack of Consent

- Plaintiff sent multiple emails to Defendant regarding her housing challenges.

- On Sept 10, 2025, Plaintiff responded to the magazine delivery, emphasizing her willingness to assist locally but explicitly had no prior knowledge or approval for national distribution.

- These emails demonstrate Plaintiff's objection and the lack of prior notice, highlighting Defendant's disregard for consent.

## 3. Retaliation

- Following Plaintiff's advocacy regarding program mismanagement and delayed payments, she faced rescinded volunteer opportunities, speaking engagements, and other benefits.

- These actions occurred directly after complaints were raised, demonstrating retaliatory intent.

## 4. Irreparable Harm

- Unauthorized use of Plaintiff and her minor child's likeness in national publications has caused:

- Emotional distress and anxiety for both Plaintiff and her child;

- Reputational harm in the community;

- Commercial harm, as Defendant's actions exploit Plaintiff's story and image for fundraising purposes without compensation.

- Because the publication is national and digital, the harm is ongoing and cannot be fully remedied by monetary damages.

### 5. Continued Risk

- Unless enjoined, Defendant may continue distributing the report or using Plaintiff's likeness in future materials, exacerbating the harm.

- Plaintiff has no way to prevent further unauthorized dissemination without Court intervention.

## LEGAL BASIS

1. Right of Publicity / Misappropriation of Likeness (*Zacchini v. Scripps-Howard*, 433 U.S. 562 (1977))

   - Defendant's use of Plaintiff's likeness without consent constitutes misappropriation.

2. COPPA (for consideration)

   - Plaintiff requests the Court consider the unauthorized publication of a minor in evaluating the seriousness of Defendant's conduct.

3. Fair Housing Act Retaliation (42 U.S.C. § 3617)

   - Plaintiff's protected advocacy led to retaliatory actions by Defendant.

4.) Violation of Privacy – unauthorized disclosure of personal story and minor child's image.

5.) Irreparable Harm Standard

- Courts grant preliminary injunctions to prevent ongoing harm that cannot be remedied by money alone, including emotional distress, reputational damage, and exploitation of minors.

## BALANCE OF EQUITIES / PUBLIC INTEREST

- Plaintiff faces immediate and continuing harm to personal and family wellbeing.

- Defendant's distribution of materials without consent poses no lawful justification that outweighs Plaintiff's rights.

- Public interest favors protecting minors, respecting consent, and enforcing proper program accountability, and preventing unauthorized national publication.

## EXHIBITS SUPPORTING THIS MOTION

- Exhibit A: National Donor Impact Report (Sept 2025) showing unauthorized use of Plaintiff and minor child's likeness.

- Exhibit B: Email responses regarding the magazine (Sept 10, 2025), demonstrating lack of prior notice and consent.

4. **Injunctive Relief:** Prohibit Defendant from using Plaintiff's or her minor child's likeness in publications, donor materials, or promotional communications; remove all existing materials.

5. **Continuing Harm:** Unauthorized use and program mismanagement are ongoing.

6. **Other Relief:** Any other relief the Court deems just, including costs and interest.

# VI. Prayer for Relief

Plaintiff respectfully requests the Court:

1. Award compensatory damages for financial, emotional, and reputational harm and privacy harms

2. Award punitive damages to deter future misconduct.

3. Grant preliminary and permanent injunction preventing Defendant from further use or distribution of Plaintiff's or minor child's likeness, and requiring removal of pages 3, 10, and 11.

4. Award costs of court, interest, and any other relief the Court deems just and proper.

**Respectfully submitted,**

*Ebony Sherisse Lucas*
Plaintiff, Pro Se
9301 Westbury Woods Drive Apt A Charlotte, NC 28222
bluziva@gmail.com

Date: 3 / 24 2026